IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RUSSELL TERRY WILLIAMS                                                           PLAINTIFF

v.                          Civil No. 08-5031

PROSECUTING ATTORNEY VAN
STONE; DEPUTY PROSECUTING
ATTORNEY KIP WHITTEMORE;
SHERIFF KEITH FERGUSON; and
CAPTAIN PETRAY                                                                   DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

The plaintiff, Russell Terry Williams, filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. The case is before the undersigned for a determination of whether service of process should issue.

### BACKGROUND

For purposes of discussion, we will summarize the allegations of the complaint. At the time he filed the complaint, Williams was in the custody of the Benton County Detention Center (BCDC). He alleges he was in the temporary custody of Benton County, Arkansas, pursuant to the Interstate Agreement on Detainers Act (IAD) for the purpose of permitting prosecution on Arkansas charges F149642006 and F58102006. Williams' sending state was Missouri.

Williams signed his Agreement on Detainers on July 19, 2007. He was extradited from Missouri on October 9, 2007, to Benton County. On January 22, 2008, Williams alleges the Arkansas charges were resolved and he was sentenced to ninety days in the BCDC. Williams asserts he repeatedly asked to be returned to Missouri to finish serving his time there. Williams states his requests were refused and he was told until he finished serving his ninety day sentence he would remain in the BCDC.

Williams asserts this is not what he agreed to when he signed the IAD agreement. Instead, he was to go to Arkansas for trial and sentencing and then return to Missouri and complete his

AO72A
(Rev. 8/82)

sentence. When he completed his sentence in Missouri, then he could be returned to Arkansas to serve the remainder of his sentence imposed.

As relief, Williams asks the court to order his return to Missouri (Doc. 1 and Doc. 3). If he cannot be returned to Missouri soon, he asks that the court order him removed from the BCDC (Doc. 1 and Doc. 3) so that he cannot be retaliated against by the staff due to his correspondence with the court, the Attorney General's Office, and other legal offices.

In March, plaintiff notified the court of a change in his address. He has now been returned to the State of Missouri (Doc. 5).

## DISCUSSION

The IAD has been entered into the majority of states including both Arkansas, Ark. Code Ann. § 16-95-101 (2006) *et seq.*, and Missouri, Mo. Stat. Ann. § 217.490 (2006), and the Federal Government, 18 U.S.C. App. § 2. It is a "congressionally sanctioned interstate compact within the Compact Clause of the United States Constitution, Art. A, § 10, cl. 3," and "a federal law subject to federal construction." *New York v. Hill*, 528 U.S. 110, 111, 120 S. Ct. 659, 145 L. Ed. 2d 560 (2000)(internal quotation marks and citations omitted). "The Agreement creates uniform procedures for lodging and executing a detainer, *i.e.,* a legal order that requires a State in which an individual is currently imprisoned to hold that individual when he has finished serving his sentence so that he may be tried by a different State for a different crime." *Alabama v. Bozeman*, 533 U.S. 146, 148, 121 S. Ct. 2079, 150 L. Ed. 2d 188 (2001).

The IAD gives the prisoner: (1) the right to demand a trial within 180 days; and (2) a State the right to obtain a prisoner for purposes of trial. *See Alabama v. Bozeman*, 533 U.S. 146, 151, 121 S. Ct. 2079, 150 L. Ed. 2d 188 (2001). The receiving State must then try the prisoner within 120 days of his arrival and must not return the prisoner to the original place of imprisonment until that trial. *Id.*

It has been recognized that violation of the agreement may form the basis of a cause of action under 42 U.S.C. § 1983 but only in certain situations. *See e.g., Cuyler v. Adams*, 449 U.S.

433, 450, 101 S. Ct. 703, 66 L. Ed. 2d 641 (1981)(Adams has stated a claim for relief under § 1983 for the asserted violation by state officials of the terms of the IAD).  *See also Rhodes v. Schoen*, 574 F.2d 968, 970 (8th Cir. 1978)(requiring merely general compliance with the IAD). Injunctive relief is a proper remedy under § 1983 for violations of the IAD.  *See e.g., Cross v. Cunningham*, 87 F.3d 586, 588 (1st Cir. 1996)(Cross is "free to seek injunctive relief under section 1983, requiring New Hampshire officials to comply with their IAD obligations").

However, in this case, Williams has been returned to Missouri and is no longer in the custody of the BCDC.  Thus, his requests for injunctive relief have been rendered moot.  *See e.g., Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999)(inmate's claims for declaratory and injunctive relief are moot when he is transferred to another facility and is no longer subject to alleged unlawful conditions).  *See also Doe v. LaFleur*, 179 F.3d 613, 615 (8th Cir. 1999)("Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. It is of no consequence that the controversy was live at earlier stages in this case; it must be live when we decide the issues.").

## CONCLUSION

For the reasons stated, I recommend the complaint be dismissed prior to service of process as the claims have been rendered moot by plaintiff's transfer back to the State of Missouri.

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 13th day of May 2008.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)